UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>MILESTONES CHILD DEVELOPMENT CENTER LLC, JULIE ANN REES, ANNIE TRIPPET, as Next Friend of M.T., a minor, RACHEL WIELAND, as Next Friend of P.D., a minor, and MEAGAN WILFONG, as Next Friend of B.W., a minor,<br><br>    Defendants. | Case No.: |

Jason R. Fathallah (P70434)
Attorney for Plaintiff
HUSCH BLACKWELL LLP
511 North Broadway, Suite 1100
Milwaukee, WI  53202
Phone: (414) 273-2100
Facsimile: (414) 223-5000
Email: jason.fathallah@huschblackwell.com

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

  There is one civil action involving some or all of these parties and arising out of the same transaction or occurrence as alleged in this Complaint, filed in the Kent County Circuit Court as Case Number 23-02199-NO and entitled *Annie Trippett, et al. v. Milestones Child Development Center LLC, et al.* That action remains pending.

NOW COMES Plaintiff West Bend Mutual Insurance Company ("West Bend"), by and through its attorneys, Husch Blackwell LLP, and for its Complaint for Declaratory Judgment states as follows:

## NATURE OF ACTION

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201. West Bend seeks a declaration that (1) the policy of insurance West Bend issued to Defendant Milestones Child Development Center LLC ("Milestones") does not provide coverage to Defendants Milestones or Julie Ann Rees ("Rees") for the claims asserted in Kent County Case No. 23-02199-NO (the "Underlying Action") and that therefore (2) West Bend has no duty to defend or indemnify Milestones or Rees against the claims asserted in the Underlying Action. A true and accurate copy of the operative complaint in the Underlying Action is attached hereto as Exhibit A.

## PARTIES

2. West Bend Mutual Insurance Company is a Wisconsin citizen and an insurance company organized under the laws of the State of Wisconsin, with its principal place of business located in the City of West Bend, Washington County, Wisconsin.

3. Defendant Milestones Child Development Center LLC is a Michigan citizen and a domestic limited liability company organized under the laws of the State of Michigan with its principal place of business located in the City of Caledonia, Kent County, Michigan. Milestones' sole member is Kelly Russell, who is a Michigan citizen.

4. Defendant Julie Ann Rees is a Michigan citizen residing in the City of Caledonia, Kent County, Michigan.

5. Defendant Annie Trippett, as Next Friend of M.T., a minor ("Trippett"), is a Michigan citizen residing in the City of Parma, Jackson County, Michigan and is one of the Plaintiffs in the Underlying Action.

6. Defendant Annie Rachel Wieland, as Next Friend of P.D., a minor ("Wieland"), is a Michigan citizen residing in the City of Caledonia, Kent County, Michigan and is one of the Plaintiffs in the Underlying Action.

7. Defendant Meagan Wilfong, as Next Friend of B.W., a minor ("Wilfong"), is a Michigan citizen residing in the City of Wayland, Allegan County, Michigan and is one of the Plaintiffs in the Underlying Action.

## JURISDICTION AND VENUE

8. This court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has power to grant the relief sought by West Bend under 28 U.S.C. § 2201.

10. Venue is proper in this judicial district pursuant 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## BACKGROUND

11. The Underlying Action arises from alleged child abuse by Rees, a former employee of Milestones who allegedly intentionally and negligently inflicted emotional distress, as well as allegedly discriminated against, assaulted, and battered the children of Trippett, Wieland, and Wilfong.

12. On March 2, 2023, Trippett, Wieland, and Wilfong, as Next Friend for their three minor children, filed Case No. 23-02199-NO in Kent County, Michigan.

13. That action alleges, *inter alia*, that Rees abused minor children during her employment at Milestones by negligently and intentionally inflicting emotional distress and assaulting and battering the children. Such actions allegedly caused the children to suffer physical and emotional harm, physical pain and suffering, fear, emotional distress, and behavioral regression, as well as other and future damages. Ex. A ¶¶ 102, 104, 108, 113.

14. That action further alleges, *inter alia*, that Milestones negligently trained, hired, retained, and supervised Rees, is vicariously liable for Rees' actions as her employer, misrepresented the quality of the care at Milestones, and failed to provide a safe premises, contributing to the alleged injuries of the minor children. Ex. A ¶¶ 73, 84, 91, 98, 125, 131.

15. West Bend issued Businessowners Commercial Liability and Umbrella Policy No. 1879102 to Milestones Child Development Center LLC for the policy period of July 21, 2021, to July 21, 2022 (the "Policy"). A true and accurate copy of this policy is attached hereto as Exhibit B.

16. Milestones and Rees tendered the defense of the Underlying Action to West Bend.

17. West Bend agreed to provide a defense to Milestones and Rees, subject to a complete reservation of rights.

18. The Underlying Action remains pending, and discovery is ongoing.

19. West Bend now seeks declaratory judgment that the Policy does not provide coverage to Defendants Milestones or Rees for the claims asserted in the Underlying Action and therefore, West Bend has no duty to defend or indemnify Defendants Milestones or Rees against the claims asserted in the Underlying Action.

20. An actual controversy has arisen and now exists concerning West Bend's coverage obligations under the Policy, which merits a determination of the rights of the parties by this Court pursuant to 28 U.S.C. § 2201.

## THE WEST BEND POLICY

21. The Policy contains a Businessowners General Liability Coverage form which provides in relevant part as follows:

**BUSINESSOWNERS LIABILITY COVERAGE FORM**

**A. Coverages**

**1. Business Liability**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury", or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", "personal injury", or "advertising injury" to which this insurance does not apply.

***

    b. This insurance applies:

        (1) To "bodily injury" and "property damage" only if:

            (a) the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

            (b) The "bodily injury" or "property damage" occurs during the policy period.

***

**B. Exclusions**

    **1. Applicable to Business Liability Coverage**

5

This insurance does not apply to:

\*\*\*

a.  **Expected or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*\*\*

r.  **Discrimination**

    "Bodily injury", "property damage", "personal injury", or "advertising injury" (or "personal and advertising injury", if defined as such in your policy) arising out of Discrimination of any person based on color, creed, gender, race, natural origin, age, disability, religion, sex, or any other basis of discrimination prohibited by law.

\*\*\*

**F. Liability and Medical Expenses Definitions**

\*\*\*

12. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

**CHILD CARE PROFESSIONAL LIABILITY ENDORSEMENT**

The Businessowners Liability Coverage Form is amended as follows:

A.  Paragraph A. Coverages also applies to "bodily injury", "property damage", "personal injury", "advertising injury" or other injury arising out of the rendering of or failure to render professional services in connection with the operation of the insured's business as a child care provider.

\*\*\*

6

  D. The following is added to Exclusions:

    This insurance does not apply to "bodily injury", "property damage", "personal injury", "advertising injury" or other injury arising out of:

    A criminal act including but not limited to fraud committed by the insured or any person for whom the insured is legally responsible.

***

Ex. B, West Bend Policy at pp. 31, 33.

  22. The Policy also contains a Commercial Liability Umbrella Coverage form which provides in relevant part as follows:

**COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

  1. Insuring Agreement

    a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

***

  **2.** **Exclusions**

7

> This insurance does not apply to:
>
> \*\*\*
>
> **a.  Expected or Intended Injury**
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
> \*\*\*

*Id.* at pp. 196-197.

## FIRST CLAIM

23.  West Bend realleges and incorporates by reference Paragraphs 1-22 of its Complaint for Declaratory Judgment.

24.  The Businessowners Liability Coverage of the Policy provides coverage only for "bodily injury" or "property damage" caused by an "occurrence" as defined by the Policy.

25.  The Businessowners Liability Coverage of the Policy defines "occurrence" as an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

26.  The Underlying Action alleges that all actions by Defendants were in bad faith, knowing, negligent, intentional, malicious, and willful and wanton.

27.  Because the Underlying Action does not allege "bodily injury" caused by an "occurrence", the Businessowners Liability Coverage of Policy does not provide coverage to Milestones or Rees for the claims asserted in the Underlying Action and West Bend therefore does not have a duty to defend or indemnify Milestones or Rees against the claims asserted in the Underlying Action.

8

## SECOND CLAIM

28. West Bend realleges and incorporates by reference Paragraphs 1-22 of its Complaint for Declaratory Judgment.

29. The Businessowners Liability Coverage form of the Policy contains an exclusion for injury that is expected or intended from the standpoint of the insured.

30. The Underlying Action alleges that Milestones and Rees intentionally induced certain behaviors and responses in the minor children that placed the minor children in states of physical and emotional distress.

31. To the extent the Underlying Action alleges claims involving "bodily injury" that was expected or intended by Milestones or Rees, the Businessowners Liability Coverage form of the Policy does not provide coverage to Milestones or Rees for the claims alleged in the Underlying Action and West Bend therefore does not have a duty to defend or indemnify Milestones or Rees against the claims asserted in the Underlying Action.

## THIRD CLAIM

32. West Bend realleges and incorporates by reference Paragraphs 1-22 of its Complaint for Declaratory Judgment.

33. The Businessowners Liability Coverage form of the Policy contains an exclusion for injury arising out of discrimination of any person based on color, creed, gender, race, natural origin, age, disability, religion, sex, or any other basis of discrimination prohibited by law.

34. The Underlying Action alleges that Milestones and Rees discriminated against minor children, creating hostile and abusive conditions, on account of manifestations of the minor children's disabilit(ies).

9

35. The Underlying Action further alleges that Milestones and Rees' discrimination was in violation of the Americans with Disabilities Act.

36. To the extent the Underlying Action alleges claims involving "bodily injury" that arose out of discrimination by Milestones or Rees, the Businessowners Liability Coverage form of the Policy does not provide coverage to Milestones or Rees for the claims alleged in the Underlying Action and West Bend therefore does not have a duty to defend or indemnify Milestones or Rees against the claims asserted in the Underlying Action.

**FOURTH CLAIM**

37. West Bend realleges and incorporates by reference Paragraphs 1-22 of its Complaint for Declaratory Judgment.

38. The Businessowners Liability Coverage form of the Policy contains a Child Care Professional Liability endorsement.

39. The Child Care Professional Liability endorsement applies to "bodily injury" arising out of the rendering or of failure to render professional services in connection with the operation of the insured's business as a child care provider.

40. However, the Child Care Professional Liability endorsement contains an exclusion to coverage for "bodily injury" arising out of a criminal act committed by the insured or any person for whom the insured is legally responsible.

41. The Underlying Action alleges that Rees was criminally charged for her role in the abuse occurring at Milestones that is the subject of the Underlying Action

42. Rees was criminally charged for her role in the abuse occurring at Milestones that is the subject of the Underlying Action and pled no contest to a charge of 4th degree child abuse in Kent County Case No. D2103623-SM.

43. The Underlying Action further alleges that Rees was under Milestones' daily control, supervision, and monitoring.

44. Because the Underlying Action alleges claims involving "bodily injury" arising out of a criminal act committed by Milestones or Rees, the Businessowners Liability Coverage form of the Policy does not provide coverage to Milestones or Rees for the claims alleged in the Underlying Action and West Bend therefore does not have a duty to defend or indemnify Milestones or Rees against the claims asserted in the Underlying Action.

## FIFTH CLAIM

45. West Bend realleges and incorporates by reference Paragraphs 1-22 of its Complaint for Declaratory Judgment.

46. The Commercial Liability Umbrella Coverage form of the Policy provides payment on behalf of an insured for the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage".

47. To the extent Milestones or Rees are not obligated to pay the "ultimate net loss" in excess of the "retained limit" because of "bodily injury", the Commercial Liability Umbrella Coverage form of the Policy does not provide coverage to Milestones or Rees for the claims alleged in the Underlying Action and West Bend therefore does not have a duty to defend or indemnify Milestones or Rees against the claims asserted in the Underlying Action.

## SIXTH CLAIM

48. West Bend realleges and incorporates by reference Paragraphs 1-22 of its Complaint for Declaratory Judgment.

49. The Commercial Liability Umbrella Coverage form contains an exclusion for injury that is expected or intended from the standpoint of the insured.

11

50. The Underlying Action alleges that Milestones and Rees intentionally induced certain behaviors and responses in the minor children that placed the minor children in states of physical and emotional distress.

51. To the extent the Underlying Action alleges claims involving "bodily injury" that was expected or intended by Milestones or Rees, the Commercial Liability Umbrella Coverage form of the Policy does not provide coverage to Milestones or Rees for the claims alleged in the Underlying Action and West Bend therefore does not have a duty to defend or indemnify Milestones or Rees against the claims asserted in the Underlying Action.

WHEREFORE, West Bend respectfully requests that this Court grant the following relief in its favor:

A. Declare the Policy does not provide coverage to Milestones or Rees for the claims asserted in the Underlying Actions and therefore, West Bend has no duty to defend or indemnify Milestones or Rees in the Underlying Actions;

B. Award West Bend its costs, disbursements, and fees as permitted by law; and

C. Grant such other and further relief as the Court deems just and equitable.

Dated this 2nd day of October, 2023.

Respectfully submitted,

*Electronically signed by Jason R. Fathallah*
Jason R. Fathallah (P70434)
HUSCH BLACKWELL LLP
511 North Broadway, Suite 1100
Milwaukee, WI  53202
Phone: (414) 273-2100
Facsimile: (414) 223-5000
Email: jason.fathallah@huschblackwell.com

*Attorneys for Plaintiff*
*West Bend Mutual Insurance Company*